UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------x
STEPHEN CARRIER.,                              :
an individual,                                 :     CASE NO.:
                                               :
        Plaintiff,                             :
                                               :     Judge:
vs.                                            :
                                               :
                                               :     Magistrate:
                                               :
CONTINENTAL PLAZA PARTNERSHIP, :
LLP; and                                       :
ROBERT RESOURCES, L.L.C.,                      :
                                               :
        Defendants.                            :
---------------------------------------------------------x

## COMPLAINT

"I now lift my pen to sign this Americans with Disabilities Act and say: Let the shameful wall of exclusion finally come tumbling down. God bless you all."

- President George H. W. Bush, July 26, 1990

Plaintiff, STEPHEN CARRIER, by and through his undersigned counsel, hereby files this original Complaint and sues CONTINENTAL PLAZA PARTNERSHIP, LLP (hereinafter referred to as "CONTINENTAL") and ROBERT RESOURCES, L.L.C. (hereinafter "ROBERT") (collectively referred to as "DEFENDANTS"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1.   This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

1

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, STEPHEN CARRIER, (hereinafter referred to as "MR. CARRIER"), is a resident of Jefferson Parish, Louisiana. MR. CARRIER resides at 3410 Severn Avenue, Metairie, Louisiana 70002.

4. MR. CARRIER is a qualified individual with a disability under the ADA. MR. CARRIER is a T-10 paraplegic.

5. Due to his disability, MR. CARRIER is substantially impaired in several major life activities and uses a wheelchair to ambulate.

6. Specifically, MR. CARRIER is unable to walk, stand, or use his legs without assistance.

7. Upon information and belief, CONTINENTAL is a partnership organized in the State of Louisiana and doing business in Jefferson Parish.

8. Upon information and belief, ROBERT is a limited liability company organized in the State of Louisiana and doing business in Jefferson Parish.

9. Upon information and belief, CONTINENTAL is the owner and operator of the real properties and improvements that are the subject of this action, to wit: Continental Plaza, located at 5000 W. Esplanade Avenue, Metairie, Louisiana 70006. (hereinafter referred to as "the Property").

10. The Property is a place of public accommodation and offers a grocery store, a bar, a sushi restaurant, and a smoothie store, among others.

11. ROBERT is a tenant at the Property and operates a grocery store known as Robert's Fresh Market at the Property

12. DEFENDANTS are obligated to comply with the ADA.

13. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Orleans Parish, Louisiana.

## **COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

14. MR. CARRIER realleges and reavers Paragraphs 1 - 13 as if they were expressly restated herein.

15. The Property is a place of public accommodation, subject to the ADA, generally located at: Continental Plaza, located at 5000 W. Esplanade Avenue, Metairie, Louisiana 70006.

16. MR. CARRIER has desired to visit the Property numerous times in the past and presently desires to visit the Property again in the future.

17. MR. CARRIER lives approximately 3.3 miles away from the Property.

18. MR. CARRIER last visited the Property on May 6, 2016, during which time he patronized the Whiskey Bar.

19. MR. CARRIER is presently aware that if he were to try to visit the Property, he would experience serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in paragraph 23 of this Complaint.

20. MR. CARRIER continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 23 which still exist.

21. MR. CARRIER intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subject of this action.

22. MR. CARRIER also intends on traveling to the Property in the near future to see if the barriers to access described in Paragraph 23 still exist or have been modified.

23. Upon information and belief, DEFENDANTS are in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and the Property is not accessible due to, but not limited to the following barriers which presently exist at the Property:

   I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF CONTINENTAL:

   A. At the Northern edge of the Property there is a step up from the public sidewalk and there is no ramp provided for pedestrians who use wheelchairs.

   B. There are non-complaint clear floor spaces in front of the following tenants: Hair Etc., UPS Store, Solar Nails, Smoothie King, and the Whiskey Bar.

   C. Near the UPS Store there is an accessible-designated parking space without an access aisle.

   D. There is an impermissible cross slope along the promenade of the Property from the CVS to the Robert's.

   E. There's no accessible route from Robert's to the Smoothie King.

   F. There's no access aisle for the accessible-designated parking in front of the Daiquiri Bay Café.

   G. There's no accessible route from the accessible-designated parking to the Daq Bay Café.

      H.      The accessible-designated parking space that servers the Fusion Café and Tastee Donuts does not have an access aisle.

      I.      The ramp that serves the Fusion Café and Tastee Donuts is too steep and has an excessive cross slope.

      J.      The ramp that connects the Fusion Café to the Tastee Donuts lacks handrails.

      K.      Other mobility-related ADA barriers to be identified following a complete inspection of the Property.

II.     UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF ROBERT:

      A.      The customer service desk at Robert's is impermissibly high off the finished floor.

      B.      In Robert's near the men's restroom, the merchandise is blocking the clear floor space in front of the Men's restroom.

      C.      In the Robert's men's restroom, there are sinks under the lavatory which are not wrapped to prevent burns and abrasions.

      D.      In the Robert's men's restroom, there is insufficient clear floor space in the disabled toilet stall.

      E.      In the Robert's men's restroom, the flush controls are on the wall side instead of the transfer side of the water closet.

      F.      In the Robert's men's restroom, the water closet is not adjacent to compliant grab bars.

    G.    In the Robert's men's restroom, the locking mechanism to the main door is too high off the finished floor.

    H.    In the Robert's men's restroom, the bottom edge of the mirror is excessively high off the finished floor.

    I.    Other mobility-related ADA barriers to be identified following a complete inspection of the Property.

24. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

25. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANTS.

26. Upon information and belief, DEFENDANTS have failed to remove the barriers to access which exist at the Property, even though their removal is readily achievable.

27. Upon information and belief, removal of the barriers to access located on the Property would provide MR. CARRIER with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

28. Independent of his intent to return as a patron to the Property, MR. CARRIER additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

29. MR. CARRIER has been obligated to retain the undersigned counsel for the filing and

prosecution of this action. MR. CARRIER is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANTS, pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. CARRIER demands judgment against DEFENDANTS, and requests the following injunctive and declaratory relief:

A. That this Court declare that the Property owned, leased, and/or operated by DEFENDANTS is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANTS to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. CARRIER; and

D. That this Court award such other and further relief as it deems necessary, just and proper.

    Respectfully Submitted,

    THE BIZER LAW FIRM
    Attorneys for Plaintiff
    Andrew D. Bizer (LA # 30396)
    andrew@bizerlaw.com
    Garret S. DeReus (LA # 35105)
    gdereus@bizerlaw.com
    Marc P. Florman, Esq. (LA # 35128)
    mflorman@bizerlaw.com
    3319 St. Claude Ave.
    New Orleans, LA 70117
    T: 504-619-9999; F: 504-948-9996

    By:/s/ Garret S. DeReus
       Garret S. DeReus